**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0738n.06**
**Filed: August 24, 2005**

**04-1765**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DONALD R. MCGREW, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GENERAL MOTORS CORPORATION | ) | EASTERN DISTRICT OF MICHIGAN |
| and GENERAL MOTORS RETIREMENT | ) | |
| PLAN FOR SALARIED EMPLOYEES | ) | |
| AND TRUST, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: NORRIS and DAUGHTREY, Circuit Judges, and MARBLEY,[*] District Judge.

**PER CURIAM.** The plaintiff, Donald McGrew, brought this action against General Motors

Corporation and the General Motors Retirement Plan for Salaried Employees and Trust (collectively,

GMC), alleging that GMC violated the Employee Retirement Income Security Act of 1974 (ERISA)

by withholding certain post-employment benefits under the company's retirement program. GMC

took the position that McGrew was not entitled to those benefits under either the language of the

retirement plan or a summary description of the plan made available to employees, because he had

been discharged from his position with the company. The district court granted judgment on the

---

[*]The Hon. Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

administrative record to GMC and dismissed McGrew's complaint, finding that McGrew had no enforceable right to the post-employment benefits in question. We agree and affirm.

Donald McGrew worked for GMC as a maintenance supervisor for 31 years but was discharged in 1990, at age 50, for participating in a "kickback" scheme that involved his receipt of illegal bribes from third-party vendors.[1] Under GMC's retirement program, McGrew was eligible for monthly retirement benefits, despite his discharge, because he had worked at GMC for more than 30 years. Although it paid McGrew standard retirement benefits, GMC denied McGrew three other secondary retirement benefits: early retirement supplements under the GMC Retirement Program, health care coverage under the GMC Health Program, and life insurance under the GMC Life and Disability Benefits Program. The plan administrator determined that because McGrew had been discharged for cause, he was not entitled to these benefits. McGrew appealed the decision to GMC's Employee Benefit Plans Committee, arguing that he qualified for the benefits under summary plan description published in 1996, which he claimed was binding on GMC under ERISA. He contended that the 1996 booklet did not exclude discharged employees from the benefit plans and that, to the extent that it conflicted with the language of the actual plans, the booklet controlled. The Board adopted the position of the plan administrator, concluding that McGrew was not entitled to the benefits because the retirement program, as well as health and life insurance plans, specifically excluded employees who had been discharged and because the 1996 booklet was addressed only to former employees who had already retired by 1996 and therefore did not apply to McGrew .

---

[1] McGrew pleaded guilty in a Genesee County court to one count each of unauthorized use of a credit card and commercial bribery and was sentenced to five years probation and 100 hours of community service.

McGrew subsequently appealed the plan administrator's decision on his health and life insurance benefits to the Board, which again affirmed the administrator's denial on the same grounds.

McGrew then filed a complaint against GMC, claiming that the company had violated his right to benefits protected by ERISA and had breached its fiduciary duty to him. GMC moved for judgment on the administrative record or, in the alternative, for summary judgment, arguing that the benefits committee's decision should stand because it was not arbitrary or capricious and that McGrew had not established a breach of fiduciary duty under ERISA. After a hearing, the district court granted judgment on the administrative record to GMC, concluding that the decision of the benefits committee was not arbitrary and capricious, given language in the GMC retirement plans that precluded supplemental benefits to a discharged employee. The court found that the 1996 summary plan description, which McGrew claimed entitled him to benefits, was not applicable to McGrew and so not binding on GMC.

In an action to enforce benefits under ERISA, we review de novo the district court's judgment on the administrative record. *See Wilkins v. Baptist Healthcare SYS., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998). Generally, we also review a plan administrator's denial of ERISA benefits de novo, but when a plan vests the administrator with complete discretion to make eligibility determinations, we will reverse the administrator's decision only if it is found to be arbitrary or capricious. *See Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005). Both parties concede that the plans in question all include such a provision and that we should therefore review the benefits committee's ruling under an arbitrary and capricious standard.

This standard is, of course, the least demanding form of judicial review. *See Perry v. United Food & Commercial Workers Dist. Unions 405 & 442 & Retail Food*, 64 F.3d 238, 242 (6th Cir. 1995). The board's decision is not arbitrary or capricious if GMC can offer a reasoned explanation based on the record. *See id.*; *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989). Moreover, in examining the record, we may consider only the evidence presented to the plan administrator and the GMC benefits board. *See Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996) .

The GMC Retirement Plan indicates that supplemental retirement benefits, otherwise available to early retirees until they reach age 62 and are eligible for social security payments, are not available to discharged employees:

> (a) An employee who retires with benefits payable under Section 2 of this Article I (*other than an employee (i) discharged for cause*, (ii) hired after January 1, 1998, or (iii) referred to in Section 2(b)(2)(ii) of this Article I who retires voluntarily after attainment of age 55 but not age 50 and whose combined years of age and years of credited service at retirement total less than 85) or who retires with benefits payable under Section 4 of this Article I, and who retires within five years of the last day worked for the Corporation will receive in addition to retirement benefits, certain supplements as set forth below . . . .

Likewise, the health insurance provided to most GMC employees following termination of employment under Section 6(a) of the Salaried Health Care Program is not available to an employee who is discharged for cause pursuant to an exclusion contained in the GMC Policy and Procedure covering Salaried Personnel:

> This classification is applicable to employees following a TER/D00 (Discharge) who are eligible for benefits under the Salaried Retirement Program. Eligibility for other benefit plans and programs will be determined under the terms of those programs with respect to

> discharged employees (e.g., *discharged employees are not eligible for GMC contributions toward health care coverages in retirement*).

Despite his argument to the contrary, McGrew is not "retired" within the meaning of the Health Care Plan. For purposes of the plan, he is "discharged" and not entitled to receive further coverage.

As for McGrew's claim under the GMC Life and Disability Benefits Program for Salaried Employees, Article V, Section 5.07 of that plan specifically disqualifies any employee who quits or is discharged. McGrew argues that this clause does not apply to him because it is contained in Article V of the plan, not Article IV, which discusses the benefits of the plan in retirement. Obviously, however, Article V includes overarching policies that effect the entirety of the plan, and the forfeitures discussed in Article V therefore apply to the coverage discussed elsewhere in the plan.

Nor do we find any merit to McGrew's contention that if he is not entitled to the benefits under the terms of the plans, he should be awarded benefits based on a summary plan description that is binding on GMC. The summary plan description on which McGrew relies is contained in the 1996 booklet, which does not apply to McGrew because in 1996, McGrew was not a salaried retiree and the booklet covered only those employees who had already retired in 1996. Instead, McGrew was subject to a 1998 summary plan description contained in a booklet entitled "Your GMC Benefits - A Handbook for Salaried Employees." That booklet was directed towards those who were active employees in 1998, including McGrew, and describes the eligibility criteria for early retirement supplements, post-employment healthcare, and post-employment life insurance. It specifically excludes discharged employees from the programs:

> Supplements are not payable to you if you (1) retire voluntarily as early as age 55 and prior to age 60 and the sum of your age and years of credited service is less than 85, or (2) *are discharged.* (Emphasis added.)

> Health care coverages cease at the end of the month in which you quit or *are discharged . . . .* (Emphasis added.)

> **\* \* \* \* \***
> All Life and Disability Benefits Program coverages cease on the day you quit voluntarily or *are discharged.* (Emphasis added.)

The booklet defines discharge as "the separation of an employee for personal misconduct, such that GMC determines that the employee's continued employment would not be in the best interest of the Corporation." Clearly McGrew qualifies as "discharged," and just as clearly he is ineligible for the benefits in question. The applicable summary plan description does not conflict with the language of the plans themselves, and it was not arbitrary and capricious for GMC to deny McGrew access to the benefits based on a reasonable interpretation of the language of the plans and the 1998 summary plan description.

Finally, there is no merit to the claim that GMC somehow breached its fiduciary duty to the plaintiff, supposedly by misleading him into believing that he would receive full benefits despite his discharge, pursuant to language contained in the 1996 summary plan description. But, as noted above, McGrew was not covered by the 1996 booklet.

For the reasons set out above, we AFFIRM the judgment of the district court.